UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAURA MAYS, )<br>)<br>  Plaintiff, )<br>) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-0068-G |
| RPC, INC., ) | |
| )<br>  Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Before the court are: (1) the motion of defendant, RPC, Inc. ("RPC"), to strike the demand for a jury trial by the plaintiff, Laura Mays ("Mays"), and (2) the motion of Mays for a jury trial pursuant to Federal Rule 39(b). For the reasons discussed below, RPC's motion to strike is denied and Mays' motion for a jury trial is granted.

I. BACKGROUND

This case involves claims that RPC breached written employee and incentive agreements it had with Mays, an ex-employee. RPC removed the case to this court on January 10, 2005, based upon diversity of citizenship. *See generally* Notice of

Removal of Action Under 28 U.S.C. § 1441(b). At the time of removal, both an original state court petition and an answer were on file; however, no request for a jury trial was made in state court. See *id.* Mays filed a demand for a jury trial with this court on February 9, 2005. *See generally* Demand for Jury Trial. RPC filed the instant motion to strike on February 18, 2005. *See generally* Defendant RPC, Inc.'s Motion to Strike Laura Mays's Demand for Jury Trial. Mays filed his motion for a jury trial on March 10, 2005. *See generally* Plaintiff's Motion for a Jury Trial Pursuant to FRCP 39(b) and Brief in Support ("Mays' Motion").

## II. ANALYSIS

### A. Standard for Rule 39(b) Motions for Jury Trial

Rule 38(b) of the Federal Rules of Civil Procedure requires that a demand for jury trial be filed within ten days of the last pleading directed to the issue of the right to a jury trial. FED. R. CIV. P. 38(b). When an action has been removed to federal court, and where both a complaint and answer were on file in state court before removal, a jury demand must be made within ten days after the notice of removal was served. FED. R. CIV. P. 81(c). The failure to file the demand for a jury in a timely manner constitutes a waiver of the right. FED. R. CIV. P. 38(d), 81(c). On the face of these rules, Mays' demand for jury trial was untimely.* However, "notwithstanding

---

* Mays filed an amended complaint including a request for trial by jury on May 24, 2005. *See generally* Plaintiff's Amended Complaint. An amendment not introducing a new issue will not revive a right to jury trial. *Guajardo v. Estelle*, 580

(continued...)

the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." FED. R. CIV. P. 39(b).

Under Rule 39(b), the decision to grant an untimely request is discretionary with the district court. *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653-54 (5th Cir. 1984). Even though a motion to the court under Rule 39, rather than service of a demand under Rule 38, is the proper method for requesting a trial by jury after the ten-day period has passed, a district court may exercise its discretion under Rule 39(b) when considering an untimely demand. *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965). A district court should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Id.*

The following factors guide the court in considering whether to grant or deny a Rule 39(b) motion:

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) the degree of prejudice to the adverse party;

---

*(...continued)
F.2d 748, 753 (5th Cir. 1978). It is unnecessary to determine whether new issues are raised by the amended complaint because the court grants Mays' request for a jury.

>        (4)  the length of the delay in having requested a jury trial; and
>
>        (5)  the reason for the movant's tardiness in requesting a jury trial.

*Daniel International Corporation v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936 (1983)).

### B.  Analysis of the Rule 39(b) Factors

#### 1.  First Factor- The Types of Issues

The first factor, whether the case involves issues which are best tried to a jury, weighs in favor of granting Mays' request for a jury trial.  This case concerns a contract dispute, which is well within the comprehension of a jury.  *Id.*  Such matters are often tried to juries.  *Id*.

#### 2.  Second Factor- Disruption of Schedules

The second factor, whether granting the motion would disrupt the schedule of either the court or an adverse party, also favors Mays.  The case is set for trial on this court's four-week docket beginning October 3, 2005.  *See* Order Establishing Schedule and Certain Pretrial Requirements at 2.  This provides enough time for the court to adjust to a jury trial, and RPC does not claim that its schedule would be disrupted by allowing a jury trial.  The court therefore concludes that granting Mays a jury trial will not disrupt the schedules of either the court or RPC.

3.  <u>Third Factor- Prejudice to the Non-Moving Party</u>

The third factor, whether the adverse party would suffer prejudice if a jury trial were granted, also favors Mays. RPC alleges no such prejudice, and this case is set for trial on the docket beginning October 3, 2005, giving RPC ample time to prepare. See *id*.

4.  <u>Fourth Factor- Length of Delay</u>

The fourth factor, the length of the delay in requesting a jury, also weighs in favor of granting Mays' motion, as Mays requested a jury trial less than one month after the case was removed to federal court. Requests for jury trials have been granted in this court after significantly longer delays. See *American Tourmaline Fields v. International Paper Co.*, No. 3:96-CV-3363-D, 1998 WL 760277 at *3 (N.D. Tex. Oct. 22, 1998) (Fitzwater, J.) (granting a jury trial when the motion was twenty months late); *Parakkavetty v. Indus International, Inc.*, No. 3:02-CV-1461-D, 2003 WL 22939104 at *2 (N.D. Tex. Dec. 2, 2003) (Fitzwater, J.) (granting a jury trial when the motion was sixteen months late). The short delay in requesting a jury trial supports Mays' request.

5.  <u>Fifth Factor- The Reason for Movant's Tardiness</u>

The fifth factor, the reason for the movant's tardiness in requesting a jury, is the only factor addressed by RPC in its response to Mays' motion for a jury trial. *See generally* Defendant RPC, Inc.'s Opposition in Response to Laura Mays's Motion for a

Jury Trial and Brief in Support. It is also the only factor that weighs against Mays, given that Mays' only justification for not requesting a jury within the required ten days is that it was not yet necessary to do so in state court when the case was removed. *See* Mays' Motion at 3. However, in view of the principle that a court should grant a Rule 39(b) motion absent strong and compelling reasons to the contrary, the fact that a party fails to offer a legitimate explanation for waiting to demand a jury trial, standing alone, is not a "strong and compelling" reason for denying a jury trial. *Polywell International, Inc. v. Hauppauge Computer Works, Inc.*, No. 3:02-CV-0764-P, 2003 WL 22176616 at *2 (N.D. Tex. Sept. 22, 2003) (Kaplan, Magistrate Judge). Therefore, even though this factor weighs against Mays, it is not decisive when the totality of factors is considered.

### III. CONCLUSION

For the reasons discussed above, RPC's motion to strike Mays' jury demand is **DENIED**, and Mays' motion for a jury trial is **GRANTED**.

**SO ORDERED**.

June 3, 2005.

_____
A. JOE FISH
CHIEF JUDGE